**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-08159-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Dann Lew Riggin, | |
| Defendant. | |
| _____ | |
| Christopher Riggin; and Ryan Riggin, | |
| Petitioners. | |

Defendant Dann Riggin has been convicted of being a felon in possession of ammunition and firearms in violation of 18 U.S.C. § 922(g)(1). Docs. 45, 67. The government seeks forfeiture of the property involved in these crimes pursuant to 18 U.S.C. § 924 and 21 U.S.C. § 853. Doc. 24 at 2-7. The Court entered a preliminary order of forfeiture, finding that the government established the requisite nexus between such property and the offenses to which Defendant pled guilty. Doc. 46.

Defendant's sons, Christopher and Ryan, claim an interest in some of the property and have filed a petition for a hearing pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c). Doc. 53. The government has filed a motion to dismiss, which is fully briefed. Docs. 56, 62, 66. The Court will deny the motion.

## A. Criminal Forfeitures Under 21 U.S.C. § 853.

In an ancillary proceeding under this statute, "the sole legal issue before the court is the ownership interests of the competing parties, a consideration that is often irrelevant in an *in rem* civil forfeiture action, which turns instead on the culpability of the owner and the role of the property in the prohibited activity." *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005) (citation omitted). Section 853(a) provides that a person convicted of a felony shall forfeit to the United States "any of the person's property used . . . to commit, or to facilitate the commission of, such violation[.]" 21 U.S.C. § 853(a)(2). Under § 853(n), however, a third party claiming an interest in such property can request a hearing to show that he had a vested interest in the property when the defendant committed the crime, or he was a bona fide purchaser for value of the property and had no reason to believe that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(A)-(B); *see Nava*, 404 F.3d 1125 (noting that "[t]he petitioner bears the burden of proving his right, title, or interest under § 853(n)(6)" and this section is "the exclusive proceeding in which third parties may claim interests in property subject to criminal forfeiture").

Christopher claims ownership to certain property that Defendant allegedly gave him when he moved back to Arizona to live at the family's ranch in 2014. Doc. 53 at 2-9. Both Christopher and Ryan claim ownership of other property that Defendant allegedly gave them when they were growing up on the ranch sometime between 1994 and 2000. *Id.* at 9. They request a hearing on their claims of ownership and seek to conduct discovery to identify the property that actually belongs to them. *Id.* at 10.[1]

The government moves to dismiss the petition on the ground that even if the facts alleged are true, the petition fails to state a claim for relief in light of 21 U.S.C. § 853(c) and its "relation back" doctrine. Doc. 56 at 2. Section 853(c) concerns a defendant's transfer of property to third parties after commission of a crime, providing that

---

[1] Petitioners do not appear to claim an interest in the short-barrel shotgun that is the basis for count three of the superseding indictment. *See* Docs. 24 at 2, 53 at 3-9.

- 2 -

"[a]ll right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to the forfeiture[,]" and any "such property that is subsequently transferred to a person . . . shall be ordered forfeited to the United States," unless the person establishes the bona fide purchaser exception. 21 U.S.C. § 853(c); *see United States v. Arce-Padilla*, 981 F. Supp. 2d 852, 855 (D. Ariz. 2013).

The government contends that Defendant became a prohibited possessor in 1987 when he was convicted of a felony drug offense, and that "[b]eginning in 1987, therefore, as soon as [he] took possession of any firearms or ammunition they immediately vested with, and belonged to, the United States." Doc. 56 at 3. But the vesting of title under § 853(c) relates back only to the time of "the commission of the act giving rise to the forfeiture," and no farther. The superseding indictment charges Defendant with being a felon in possession on or about May 20 and July 11, 2017, and these are the crimes for which he was convicted. Docs. 24 at 1-3, Doc. 68 at 1. Under the language of the statute, title in the subject property vested in the United States "upon the commission of the[se] act[s]." 21 U.S.C. § 853(c). Nothing in the statute suggests that title vested earlier. As the Ninth Circuit has recognized, the relevant inquiry in a forfeiture proceeding is whether the third party has established an interest in the property "at the time of the commission of the crimes *for which [the defendant] was convicted.*" *Nava*, 404 F.3d at 1129 (emphasis added); *see also United States v. Parcel of Land*, 507 U.S. 111, 132 (1993) (Scalia, J., concurring) (noting that "a judgment of forfeiture relates back to the date of the offense *as proved*") (emphasis added)); *United States v. Daugerdas*, No. 09 Cr. 581 (WHP), 2017 WL 1052592, at *1-2 (S.D.N.Y. 2017) (finding that title vested in the government when the defendant's fraudulent scheme began in 1994 as alleged in the superseding indictment); *United States v. Serendensky*, No. S2 00 CR. 320 (JGK), 2003 WL 21543519, at *4 (S.D.N.Y. July 9, 2003) ("The acts giving rise to the forfeiture took place . . . as the information alleges, in or about 1996 to in or about October 2000"); *United States v. Brooks*, 112 F. Supp. 1035, 1040 (D. Haw. 2000)

(finding that a drug dealer's wife failed to prove she had a vested interest in a home purchased in 1996 where her husband "was found guilty of a conspiracy that the indictment charged had begun in August 1993").

The Court must accept the facts alleged in the petition as true. *See* Fed. R. Crim. P 32.2(c)(1)(A)). Doing so, the Court cannot conclude that Christopher and Ryan lacked ownership interests in the subject property when Defendant committed his § 922(g)(1) violations in 2017. *See* 21 U.S.C. § 953(n)(6)(A); *Nava*, 404 F.3d at 1129 (third party established ownership of two properties because she "acquired title before July 11, 1997, the earliest date of [the defendant's] charged offenses"). The motion to dismiss based on § 853(c) and the relation back doctrine is therefore denied.[2]

This ruling is not inconsistent with the purpose of the relation back doctrine. Section 853(c) seeks to prevent a criminal defendant from "attempt[ing] to avoid criminal forfeiture by transferring his property to another party before conviction." *United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007) (citing S. Rep. No. 98-225, at 212 (1983)); *see United States v. McHan*, 345 F.3d 262, 272 (4th Cir. 2003) ("[T]he remedial purpose of § 853 . . . was to thwart efforts by a defendant to circumvent the economic impact of an anticipated criminal forfeiture sentence."); *United States v. Kingsley*, 851 F.2d 16, 20 (1st Cir. 1988) (same). Defendant was not charged with being a felon in possession until July 2017, and the charged offense (count one) occurred less than two months earlier. Doc. 1. The superseding indictment added a second felon in possession charge (count two) that occurred in mid-July 2017. Doc. 24. Defendant's alleged transfers of property to his sons going back as far as 1994 could not have been fraudulent attempts to avoid the consequences of his conviction on those charges.

**B.   Forfeiture of Firearms and Ammunition Under 18 U.S.C. § 924.**

In its reply, the government relies on § 924(d)(1), which provides that any firearm

---

[2] Given this ruling, the Court need not decide on the present motion whether Christopher is a bona fide purchaser for value under § 853(n)(6)(B). *See* Docs. 56 at 3-4, 62 at 3-5.

or ammunition involved in or used in any knowing violation of [§ 922(g)] . . . shall be subject to seizure and forfeiture[.]" Doc. 66 at 2. Under this section, the government contends, "all firearms and ammunition that defendant Dann Riggin possessed since he became a prohibited possessor in 1987 are subject to forfeiture as they were 'involved in' his offenses." *Id.* (citing *United States v. Approximately 627 Firearms*, 589 F. Supp. 2d 1129, 1133-34 (S.D. Iowa 2008)). Again, however, the offenses for which Defendant was charged and convicted occurred on May 20 and July 11, 2017. The government cites no authority for the proposition that § 924(d)(1) extends back to ammunition and firearms involved in earlier offenses to which Defendant did not plead guilty. *See Approximately 627 Firearms*, 589 F. Supp. 2d 1133 & n.9 (noting that the defendant "pled guilty to 'engaging in the business of dealing firearms,' not merely the sale of the specific firearms identified in the plea agreement," and the government therefore had "the opportunity, pursuant to [§ 924(d)(1)], to prove that the 627 firearms at issue were 'involved in' the business that [the defendant] pled guilty to engaging in").

The government's reliance on *United States v. Sanders*, No. CR 10-03-BLG-SPW, 2016 WL 2599095 (D. Mont. May 5, 2016), is misplaced. That case stands for the unremarkable proposition "that title to property used to commit a crime (or otherwise traceable to a crime) often passes to the Government the instant the crime is planned or committed." *Id.* at *2. *Sanders* makes clear that even where, as in this case, firearms are subject to forfeiture under § 924(d)(1) because they were involved in a § 922(g) violation, "[o]ther potential claimants [have] an opportunity to show they held a cognizable property interest in the firearms[.]" *Id.* Section 924(d)(1) provides no basis for dismissing the petition.

**C.  Discovery and Hearing on the Petition.**

The hearing on a petition generally should be held within 30 days of its filing. 21 U.S.C. § 853(n)(4). The parties, however, agree that discovery should be allowed before the hearing. Docs. 56 at 4, 62 at 6; *see* Fed. R. Crim. P. 32(c)(1)(B). The Court has a difficult schedule for the next several weeks. As a result, a status will be held on

**June 19, 2018 at 4:00 p.m.** to address the scope of the discovery needed. The parties should confer in advance and submit a proposed schedule for discovery and a hearing. If the parties agree, they may begin discovery before the status conference.

**IT IS ORDERED:**

1. The government's motion to dismiss the petition (Doc. 56) is **denied**.
2. A status conference is set for **June 19, 2018 at 4:00 p.m.**

**Dated this 11th day of May, 2018.**

_David G. Campbell_
United States District Judge